IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKESHA R. CLEMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 06-0755-WS-B |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on the Motion for Summary Judgment (doc. 13) filed by defendant Wal-Mart Stores East, L.P. (which was identified in the Complaint as "Wal-Mart Stores, Inc.").[1] An Order (doc. 16) entered on June 20, 2007 directed any party opposing the Motion to file a response on or before July 17, 2007. That deadline having expired more than a month ago with no opposition brief being filed and no request for enlargement of time being made, the Motion is now ripe for disposition.

**I.    Background.**[2]

The relevant facts are quite straightforward. At approximately 7:40 p.m. on May 13, 2004, plaintiff Lakesha R. Clemons visited the Wal-Mart SuperCenter, Store No. 991, in Mobile County, Alabama with her 11-year old son and her 10-year old daughter. (Clemons Dep., at 7.) The purpose of her visit was to purchase a camera and a money order. (*Id.*) After entering the store through the garden center, Clemons passed several aisles, then turned right onto another aisle. (*Id.* at 8.) She took approximately two or three steps after turning right, then tripped over

---

    [1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2] The Court is mindful of its obligation under Rule 56 to construe the record, including all evidence and factual inferences, in the light most favorable to the nonmoving party, resolving all reasonable doubts about the facts in favor of the non-movant. *See Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1136 (11th Cir. 2007). Thus, plaintiff's evidence (had she presented any) would be taken as true and all justifiable inferences from the record are drawn in her favor.

a fully-assembled lawn mower that was sitting stationary in the aisle. (*Id.* at 9-10.) The mower was not in a box, and no one else was in the aisle. (*Id.* at 10.) Plaintiff contends that she never saw the mower in front of her, even though she was looking directly in front of her and took several steps down that aisle before she encountered it. (*Id.* at 18.) The mower itself was described by James Packer, an Assistant Manager from that store, as a "regular size red push mower" that retails for $99. (Packer Dep., at 34.)

At no time prior to her fall did Clemons see any Wal-Mart employee (or anyone else, for that matter) in the area where the lawnmower was. (Clemons Dep., at 10, 18.) Packer "walked the floor" performing a safety sweep approximately one hour before the accident and did not see the mower or anything unusual in the area. (Packer Dep., at 48.) Had he seen the mower in the aisle at that time, Packer would have inquired of other staff members as to why it was there; however, had Packer been informed that this mower was the last one available and it was needed to be easily accessible because a customer was purchasing it, "that would have been fine" with him. (*Id.* at 49.)

On May 12, 2006, Clemons, by and through counsel, filed suit against Wal-Mart in the Circuit Court of Mobile County, Alabama, based on her contention that she had sustained "cronic [*sic*] right knee pain and right ankle/foot pain that required surgery to resolve" as a result of the accident. (Complaint, ¶ 13.)[3] The Complaint alleged several overlapping and largely redundant state-law causes of action against Wal-Mart, to-wit: negligent, reckless or wanton conduct in allowing dangerous equipment to be left on the floor; failure to use reasonable care to protect Clemons from hazardous conditions by failure to warn her or to implement preventative measures to mitigate the danger; failure properly to inspect the safety of the store; and two

---

[3] In the Complaint, Clemons also purported to sue certain fictitious defendants. The claims against fictitious defendants are properly **dismissed**, inasmuch as fictitious party pleading is not generally permitted in federal court. *See, e.g.,* Rule 10(a), Fed.R.Civ.P. (caption of complaint "shall include the names of all the parties"); 28 U.S.C. § 1441(a); *Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098-99 n.14 (11th Cir. 1992); *Collins v. Fingerhut Companies, Inc.*, 117 F. Supp.2d 1283 n.1 (S.D. Ala. 2000) ("fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure"); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute.").

counts both alleging failure to warn of dangerous conditions on the premises. Based on these allegations, Clemons seeks compensatory and punitive damages.

On November 3, 2006, Wal-Mart filed a Notice of Removal (doc. 1), removing this action to this District Court on grounds of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441. Under § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.*; *see Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"). In removing this action, Wal-Mart clearly satisfied both elements of the § 1332 test. With respect to diversity of citizenship, Clemons is an Alabama citizen while Wal-Mart is a citizen of Arkansas and Delaware for jurisdictional purposes. With respect to the $75,000 amount in controversy, while the Complaint does not specify the amount claimed, discovery responses submitted by Clemons in October 2006 unequivocally establish that she is seeking a recovery in excess of $75,000, exclusive of interest and costs. (*See* Plaintiff's Responses to Requests for Admission (doc. 1, at Exh. A).)

On June 19, 2007, Wal-Mart moved for summary judgment on the grounds that Clemons' claims relate to an open and obvious defect as to which Wal-Mart had no duty to warn her or to eliminate the hazard, as a matter of law. Upon the filing of the Motion for Summary Judgment, the undersigned entered an Order (doc. 16) setting forth a briefing schedule pursuant to which plaintiff's opposition brief was due on July 17, 2007. To date, however, plaintiff has failed to file a response, to request an enlargement of time, or in any way to acknowledge or address that Motion. The Court-ordered deadline for Clemons' opposition brief having passed in silence, there is no reason to tarry in taking the Motion under submission at this time.

**II.     Summary Judgment Standard.**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party

has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). However, the mere existence of any factual dispute will not necessarily compel denial of a motion for summary judgment; rather, only material factual disputes preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004).

As noted, Clemons filed no response to the Motion. Summary judgment is not automatically granted by virtue of a nonmovant's silence.[4] Nonetheless, the Eleventh Circuit has provided clear guidance that a court is not obligated to read minds or to construct arguments or theories of relief that counsel have failed to raise and that are not reasonably presented on the face of the pleadings. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."); *see also Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 142 (3rd Cir. 2001) ("The ruling on a motion for summary judgment is to be made on the record the parties have actually presented, not on one potentially possible."); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999)

---

[4] *See, e.g.*, *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2nd Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true ..., the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law"); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment"); *but see Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988) (citing as "general rule" that "summary judgment was appropriate because the nonmovant, although faced with a summary judgment motion, chose not to respond to the motion at all").

(declaring that a "party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant); *Erff v. MarkHon Industries, Inc.*, 781 F.2d 613, 618 (7th Cir. 1986) (trial judge need not conduct search for unraised issues that may lurk in the pleadings). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599. For that reason, Clemons' election not to proffer argument, evidence or authority in response to the Motion is at her peril, and this Court will not commit scarce judicial resources to ferreting out every possible contention Clemons could have made, but chose not to make, in opposition to the Motion.

### III.     Analysis.

The governing legal principles are well-settled. There can be no reasonable dispute that Clemons visited Wal-Mart on May 13, 2004 as a business invitee. *See, e.g., Jones Food Co. v. Shipman*, --- So.2d ----, 2006 WL 3718254, *5 (Ala. Dec. 15, 2006) ("Under Alabama law, a person invited onto another's premises for commercial purposes is an invitee."); *Browder v. Food Giant, Inc.*, 854 So.2d 594, 595 (Ala.Civ.App. 2002) ("When a person visits the premises for commercial purposes ... the person is an invitee."). In this capacity, Wal-Mart was not an insurer or guarantor of Clemons' safety; rather, it is liable for her injury only if it failed to use reasonable care in maintaining its premises in a reasonably safe condition. *See Dolgencorp, Inc. v. Hall*, 890 So.2d 98, 101 (Ala. 2003). In other words, Wal-Mart owed a duty to Clemons only to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care." *Fowler v. CEC Entertainment*, 921 So.2d 428, 432 (Ala.Civ.App. 2005). Under Alabama law, "[n]o presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees." *Dolgencorp*, 890 So.2d at 101 (citation omitted); *see also Ex parte Harold L. Martin Distributing Co.*, 769 So.2d 313, 314 (Ala. 2000) ("There is no presumption of negligence which arises from the mere fact of an injury to an invitee.") (citation omitted).

Of critical importance in the instant case, Alabama law is clear that "[t]he entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger which causes the

[customer's] injuries.  Therefore, if that superior knowledge is lacking, as when the danger is obvious, the [store owner] cannot be held liable."  *Denmark v. Mercantile Stores Co.*, 844 So.2d 1189, 1194 (Ala. 2002) (citation omitted).  Simply put, "[t]he duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. ... A plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises."  *Sessions v. Nonnenmann*, 842 So.2d 649, 652 (Ala. 2002) (citation omitted); *see also Williams v. Bruno's Inc.*, 632 So.2d 19, 22 (Ala. 1993) ("there is no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care") (citation omitted).

      A condition is "open and obvious" for these purposes if it is "known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care."  *Denmark*, 844 So.2d at 1194 (citation omitted).  Clemons' denial that she saw the fully-assembled red mower in her path is not outcome-determinative.  Alabama courts use an objective standard in premises-liability cases to assess whether a hazard is open and obvious, such that "the question is whether the danger should have been observed, not whether in fact it was consciously appreciated" by the invitee at the time of the accident.  *Jones Food*, 2006 WL 3718254, at *6.  "For a condition to be obvious, the condition and the risk must be apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee."  *Hartzog v. Compass Bank*, 686 So.2d 325, 327 (Ala.Civ.App. 1996); *see also Fred's Department Store v. Paschal*, 923 So.2d 1125, 1129 (Ala.Civ.App. 2005) (similar).  A premises owner's contention that the condition resulting in an invitee's injury was open and obvious "is an affirmative defense, on which it bears the ultimate burden of proof."  *Denmark*, 844 So.2d at 1194; *see also Fred's Department Store*, 923 So.2d at 1128-29 ("The store's argument that the condition that caused the customer's fall was open and obvious is an affirmative defense upon which the store bore the burden of proof.").  Thus, to prevail on summary judgment, Wal-Mart must show that there is no genuine issue of fact as to whether Clemons was not or should not have been ignorant of the condition alleged to be dangerous.  *See id.* at 1195.

      The uncontroverted record evidence in this case is that Clemons tripped over a fully assembled, regular-sized red lawn mower located in plain view in an aisle of the store.  The danger was in no way hidden, veiled or obscured.  The mower was not protruding from a display

area into the aisle. It was not parked at a location at a corner, such that Clemons ran into it while rounding a bend. Rather, the mower was located several steps down the aisle from the corner. In that location, and in its fully assembled, red condition, the lawn mower epitomizes an open and obvious hazard whose existence and risk should be readily apparent to, and recognized by, any reasonable person in the position of an invitee.[5] This case is analogous to *Bud's Outlet v. Smith*, 781 So.2d 219 (Ala.Civ.App. 2000), wherein the court determined that a wheelchair parked near a store exit does not constitute a hidden defect, and that any reasonable invitee exercising ordinary care would have seen the wheelchair and avoided tripping over it, such that the store was entitled to judgment as a matter of law. *Id.* at 223.[6]

Accordingly, and in the absence of any contrary facts or argument by Clemons, the Court concludes that Wal-Mart has shown that there is no genuine issue of material fact as to its proof of the affirmative defense of open and obvious danger. On these facts, no reasonable customer in plaintiff's position would have been ignorant of the tripping hazard posed by a fully assembled full-sized red lawn mower parked in plain view in the aisle of a department store.

---

[5] Furthermore, there is no evidence that the hazardous condition was created by store employees, so this case is distinguishable from *Wal-Mart Stores, Inc. v. McClinton*, 631 So.2d 232 (Ala. 1993), wherein the defendant store was found liable for displaying a gun cabinet that protruded into an aisle in such a way as to cause the plaintiff's fall. The *McClinton* court concluded that, while a reasonable invitee would have seen the display cabinet, "it is not evident that he knew, or should have known, or that he appreciated, the danger caused by the fact that the cabinet and its molding protruded into the aisle. ... We cannot agree that the defect was open and obvious as a matter of law." *Id.* at 235.

[6] *See also Browder*, 854 So.2d at 597 (affirming summary judgment for grocery store after customer tripped on hole in pavement, where difference in elevation was perceivable by use of ordinary care and plaintiff was not watching where she was going); *Bernth v. King Kullen Grocery Co.*, 830 N.Y.S.2d 222, 223 (N.Y.A.D. 2 Dept. 2007) (where plaintiff tripped over empty merchandise cart in frozen food aisle of supermarket, defendant was entitled to judgment as a matter of law because cart was an open and obvious condition); *Maravalli v. Home Depot U.S.A., Inc.*, 698 N.Y.S.2d 708, 709 (N.Y.A.D. 2 Dept. 1999) (store owner entitled to summary judgment because sink vanity on floor of aisle was readily observable, such that defendant had no duty to warn plaintiff); *Vermont American Corp. v. Day*, 456 S.E.2d 618, 619-20 (Ga.App. 1995) (premises owner not liable as a matter of law when plaintiff tripped and fell on two-foot long blue closet rods placed on the floor); *McCrary v. Bruno's Inc.*, 464 S.E.2d 645, 647-48 (Ga.App. 1995) (supermarket entitled to judgment as a matter of law where plaintiff tripped over push broom leaning in plain view against a shelf).

Because Clemons' injuries were caused by an obvious defect, she cannot recover on her negligence claims, as a matter of law. The same conclusion attaches to her wantonness claims, as there is no evidence that Wal-Mart had any knowledge of the mower's position at the time of the accident, much less that it was aware that injury was likely or probable unless the mower were moved. *See generally Kmart Corp. v. Peak*, 757 So.2d 1138, 1144 (Ala. 1999) (wantonness requires proof of knowledge of existing conditions and consciousness that injury would likely or probably result).

### IV.    Conclusion.

For all of the foregoing reasons, defendant's Motion for Summary Judgment (doc. 13) is hereby **granted**. Plaintiff's claims are **dismissed with prejudice**. A separate judgment will enter.

DONE and ORDERED this 20th day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE